In the Matter of CARMINE GAMBELLA et al., Appellants, against JOSEPH D. McGOLDRICK, as State Rent Administrator, Respondent.— Appeal by petitioners, the landlords, from an order in an article 78 proceeding which dismissed their petition to review a determination by respondent made April 5, 1954, which vacated prior orders insofar as they affirmed the issuance of a certificate of eviction and directed that the tenant be restored to possession of an apartment previously occupied by him. Order reversed on the law, with $10 costs and disbursements, and petition granted, with $10 costs. The premises, originally a one-family house, were converted into a two-family dwelling in 1949. The apartments were, accordingly, " additional housing accommodations created by conversion " and were decontrolled by virtue of the provisions of clause (2) of paragraph (g) of subdivision 2 of section 2 of the State Residential Rent Law (L. 1946, ch. 274, as amd. by L. 1950, ch. 250). (Cf. *Matter of Hutchins* v. *McGoldrick,* 307 N. Y. 78, and *Gregory* v. *Barr,* 203 F. 2d 364.) Nolan, P. J., Wenzel, MacCrate, Beldock and Murphy, JJ., concur. Settle order on notice.

■

ANITA KEMPLER, Respondent, v. CENTRAL MUTUAL INSURANCE COMPANY, Appellant.— Action under the extended coverage clause of a fire insurance policy, covering damages to real property by " windstorm." Said clause included coverage against damages to the interior of the house resulting from the entry of rain water through breaks in the exterior walls and roof of the house, where such breaks were caused by the direct force of wind. There was testimony that the day on which the damages occurred was one of heavy wind and rain; that water came through the roof; that the wind was raising and lowering the shingles as if they were " hinged "; that the next morning it was found that five or six strips of shingles were torn, and that the shingles were in good condition a few months prior thereto, when they were laid. Other than the foregoing, there was no evidence that there were breaks in the roof visible to the naked eye. Judgment in favor of plaintiff unanimously affirmed, with costs. No opinion. Present — Nolan, P. J., Adel, Wenzel, Schmidt and Beldock, JJ.